**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 5, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS CERVANTES-AGUILAR,

Defendant - Appellant.

No. 24-3195
(D.C. No. 2:18-CR-20030-JAR-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Jesus Cervantes-Aguilar appeals the district court's denial of his request for sentence reduction.  He sought a reduction under 18 U.S.C. § 3582(c)(2) on the grounds he was a zero-point offender and was entitled to a lower offense level based on amended guidelines.  The district court denied his motion because his sentence was already below the guideline range even with a two-level reduction.  We **AFFIRM**.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Section 3582(c)(2) allows a sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  And the Sentencing Commission's Amendment 821 offers a 2-level reduction for the offense level of any offender with no criminal history.  U.S.S.G. § 4C1.1.  We review a district court's order denying a motion filed pursuant to § 3582(c)(2) for abuse of discretion.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).  We will not disturb the district's order unless "it relies on an incorrect conclusion of law or a clearly erroneous finding of fact."  *Id.* (quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)).

Cervantes-Aguilar committed multiple crimes related to the possession and manufacture of methamphetamine.  *See United States v. Cortez-Nieto*, 43 F.4th 1034 (10th Cir. 2022) (summarizing underlying facts).  The district court sentenced him to 240 months of imprisonment.  Two years later, he filed a sentence reduction motion pursuant to 18 U.S.C. § 3582(c)(2), seeking retroactive application of then recently issued Sentencing Guidelines Amendment 821.  He argued that he was a zero-point offender (meaning he had no criminal history) and this entitled him to a two-level reduction in offense level.

But that does not warrant a sentence reduction in this case.  The Sentencing Guidelines, U.S.S.G. § 1B1.10(2)(A), provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."

And § 1B1.10(2)(B) clarifies that "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

Cervantes-Aguilar's original offense level was calculated at 42, and with a criminal history score of I, the guideline range for his offense was 360 months to life imprisonment. If his offense level were reduced by 2, down to 40, his guideline range would have been 292–365 months. The 240-month sentence he received is below the minimum in either scenario.

This sentence "constituted a non-guideline sentence," and would be "less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(2)(A), (B). So § 3582(c)(2) does not authorize or require a lower sentence. The district court did not abuse its discretion to determine that Amendment 821 affords no relief to Cervantes-Aguilar.[1]

We affirm.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[1] Cervantes-Aguilar's reply brief in this appeal was submitted on April 17, 2025, despite being due March 28, 2025. No explanation or excuse was given for the untimely filing. Although he is representing himself pro se, and we construe his arguments liberally, a pro se defendant must follow the same rules of procedure and meet the same deadlines as represented parties. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). We therefore decline to consider his reply.